UNITED STATES DISTRICT COURTPRIVATE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  08 CR 463 |
| | ) | |
| VICTOR POTAPOV, | ) | Judge Milton I. Shadur |
| | ) | |
| Defendant. | ) | |

**DEFENDANT POTAPOV'S MOTION
TO WAIVE PRESENTENCE INVESTIGATION REPORT**

Defendant Victor Potapov ("Potapov"), by his attorney, respectfully requests pursuant to Fed. R. Crim. P. 32 (c)(1)(A)(ii) that this Court waive the Presentence Investigation Report ("PSR") typically required for sentencing and instead sentence Potapov without the PSR. In support thereof, Potapov states as follows:

**BACKGROUND**

1. Potapov was charged in the United States District Court for the Eastern District of North Carolina with one count of violating 8 U.S.C. § 1325(c) by entering into a fraudulent marriage to evade the immigration laws (Count One) and with one count of violating 18 U.S.C § 1546(a) by subscribing under penalty of perjury a false statement as true in a document required by the immigration laws (Count Two). Consent To Transfer, Indictment, R. 1. Both Counts also charged Potapov with violating these statutes by aiding and abetting. Id.

2. Pursuant to a Rule 20 Transfer, Potapov expects to plead guilty to Count One of the Indictment pursuant to a written plea agreement at the hearing set for 2:00 pm on June 19, 2008, thereby resolving this case.

3.      In the event that the Court accepts Potapov's plea of guilty, Potapov respectfully requests that this Court waive the requirement of a PSR and instead sentence Potapov at the hearing on June 19 to time served in pretrial detention.[1]

4.      Fed. R. Crim. P. 32(c)(1)(A)(ii) provides in relevant part that the Court may waive the PSR and impose sentence without the PSR if the Court "finds that the information in the record enables it to meaningfully exercise its sentencing authority under 18 U.S.C. § 3553, and the [C]ourt explains its finding on the record."  Fed. R. Crim. P. 32(c)(1)(A)(ii).

5.      Potapov respectfully submits that the information set forth below -- along with the plea agreement to be filed with the Court, the Indictment and the information to be adduced at the plea colloquy – provides sufficient record information to "enable … [the Court] … to meaningfully exercise its sentencing authority under 18 U.S.C.  § 3553." Potapov respectfully submits that his request also is supported by the fact that he already has been incarcerated in pretrial detention more than the high end of the advisory guidelines range for the offense at issue – six months – and will be placed in ICE custody for deportation to his native Ukraine once he serves his sentence in this case.

**ADDITIONAL INFORMATION
FOR PURPOSES OF SENTENCING**

6.      **Personal Background:** Victor Potapov is 30 years old.  He was born in Chorkiv, Ukraine to Mykola and Lydia Potapov.  Potapov has not seen his father – who abandoned the family -- in 20 years.  He is an only child.  He completed secondary school and three years of apprentice school for agricultural equipment.  He served on active duty in the Ukrainian National Guard from 1996 to 1998.  He entered the United States in 2000

---

[1]     Potapov will offer argument in support of a sentence of time served in pretrial detention at the June 19 hearing.

from Mexico. He has been married for 2 years to Olga Fedorvych. They have a one year old daughter, Karina. His mother is 50 years old and lives in Chorkiv, Ukraine. Potapov's wife and daughter initially lived with him in the United States but left for the Ukraine after law enforcement officers began looking for Potapov in December, 2007. Potapov's mother, wife and daughter all rely upon him for support. During Potapov's incarceration in this matter, they apparently have lived off of money that Potapov sent back to his mother during his time in the United States (approximately $1500 to $2000 per month). Potapov is in good health (except for a recently extracted tooth) and has no substance abuse issues.

7.  **Criminal History:** Potapov has one conviction for Driving Under the Influence ("DUI") in Pennsylvania in January, 2002 and one conviction for reckless driving in Buffalo Grove, Illinois in 2005 (he originally was arrested for DUI with respect to the reckless driving offense). He received a one year suspension of his license and a $3,000.00 fine (and perhaps some form of restitution and/or costs) for the DUI conviction and a $3200.00 fine (and perhaps costs) and traffic school (and perhaps some form of conditional discharge) for the reckless driving conviction. Additionally, he was arrested in Illinois for failing to appear in court on the Pennsylvania DUI charge. Aside from the foregoing (two convictions, three arrests), Potapov has no other convictions or arrests whatsoever either in the United States or anywhere else. He thus falls squarely within criminal history category I. Guideline § 4A 1.1 et seq.

8.  **Personal Finances:** Potapov has $240.00 on account at the MCC and personal possessions (clothes, passport) that he values at $100.00. He has no debts in the United States. Potapov and his wife had a Mazda automobile, but title to this vehicle was in Potapov's wife's name and he believes that the vehicle is parked in a lot somewhere but he

is not sure where. Before he was arrested in connection with this matter, Potapov worked as truck driver and sent money back to the Ukraine.[2]

9. **Future Plans:** Potapov will be deported to Ukraine after serving any sentence in this case. He plans to open a store there with a partner in a building that his mother owns.

10. **Other defendants:** According to an Investigative Report prepared by the Diplomatic Security Service of the State Department and produced in discovery herein, this case arose out of an investigation of visa fraud involving the Ukraine. From what the undersigned counsel can tell from reading the Investigative Report, which counsel will provide if the Court desires, no one arrested in this investigation simply for fraudulent marriage – as opposed to a few people arrested for running a ring that arranged and profited from such marriages – has served over six months in prison.

## ARGUMENT

11. 18 U.S.C. § 3553 (a) provides in relevant part: "The court, in considering the particular sentence to be imposed, shall consider— … (1) … the nature and circumstances of the offense and the history and circumstances of the defendant; (2) the need for the sentence imposed … to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; … to afford adequate deterrence to criminal conduct; … to protect the public from further crimes of the defendant; and … to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentences and the sentencing range

---

[2] The undersigned counsel was unable to re-verify this employment or finish discussing financial information before visitation ended at the MCC. Any corrections or additions will be provided at the June 19 hearing.

established for the applicable category of offense committed by the applicable category of defendant as set forth in the [Sentencing Guidelines]…; (5) any pertinent policy statement…; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense" 18 U.S.C. § 3553(a).  The sentence that the Court imposes is to be "sufficient, but not greater than necessary, to comply with the [foregoing] purposes."  Id.

   12.   Under the plea agreement that Potapov expects to sign tomorrow, the advisory sentencing range will be 0 to 6 months.  Even if any charged conduct that underlay Count Two were considered as relevant conduct, this advisory range would stay the same because the offense charged in Count Two (18 U.S.C. § 1546 (a)) is governed by the same guideline (§ 2L2.2(a)) as Count One (8 U.S.C. § 1325(c)), would result in the same initial offense level as Count One (8) and would be grouped with Count One under Guideline § 3D1.2(b).

   13.   For the reasons that follow, Potapov respectfully submits that sufficient information is of record for this Court to "meaningfully exercise its sentencing authority under 18 U.S.C. § 3553." Fed. R. Crim. P. 32(c)(1)(A)(ii).

   14.   First, the facts of this case are set forth in the plea agreement and, if the Court desires, Potapov can provide – and the Court can place of record – the Investigative Report prepared by the Diplomatic Security Service of the State Department that describes the broader investigation into immigration fraud relating to Ukraine that led to Potapov's arrest.  Thus, all of the facts necessary to understand the offense at bar and its context -- and thereby take into account in formulating a sentence the nature and

circumstances of the offense, the seriousness of the offense, the need for deterrence, the need to promote respect for the law and the need just punishment – will be of record and any additional facts required easily may be placed of record by reference to the aforementioned Investigative Report, which counsel will have at the June 19 hearing.[3]

15. <u>Second</u>, the necessary facts to take into account "the history and circumstances of the defendant" and the need to "provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner" also are of record. Potapov's criminal history, educational and employment history and personal and family circumstances all are set forth herein. Potapov can provide any additional information required at the June 19 hearing.

16. <u>Third</u>, there is no need for restitution in this case and, if the Court wants to consider a fine, the necessary information is of record in this document.

17. <u>Fourth</u>, the other items that the Court is to consider under § 3553 – such as policy statements – are matters set forth in legal authorities and readily available for this or any other cases.

18. <u>Fifth</u>, the advisory Guidelines range of 0-6 months and the fact that Potapov will be deported following service of his sentence also support the conclusion that there is sufficient information at hand for the Court to exercise its discretion to sentence Potapov without a PSR. One of the principal uses of a PSR is to provide the Bureau of Prisons with information about a defendant to allow the Bureau to make informed decisions about the defendant's incarceration. Fed. R. Crim. P. 32 (Advisory Committee Notes). The PSR also serves as a resource for the Probation Department in

---

[3] Frequently, the Probation Officer interviews the agent who investigated the case against the defendant as part of preparing the PSR. Potapov submits respectfully that that is unnecessary here given that there is a relatively lengthy Investigative Report available if additional facts are called for.

administering supervised release and as a resource for any future cases involving the defendant. Given that – if the Court agrees that a sentence of time served is appropriate -- Potapov will be removed to ICE custody and then deported from the United States, there is no need for such a living document as a PSR to follow Potapov into the Bureau of Prisons and the judicial system. He will be deported from the United States and never be involved with either the judicial system or the correctional system again.

## **CONCLUSION**

WHEREFORE, Defendant Victor Potapov respectfully requests pursuant to Fed. R. Crim. P. 32(c)(1)(A)(ii) that this Court waive the Presentence Investigation Report ("PSR") typically required for sentencing and instead sentence Potapov without the PSR.

Date: June 18, 2008                                      Respectfully submitted,

                                                              VICTOR POTAPOV

                                          By: s/ Timothy P. O'Connor
                                                His Attorney

Timothy P. O'Connor
MEYER & O'CONNOR, LLC
20 South Clark Street
Chicago, IL  60603
312-346-9000

**CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies that he caused a copy of the foregoing DEFENDANT POTAPOV'S MOTION TO WAIVE PRESENTENCE INVESTIGATION REPORT to be served upon

> AUSA Shoshana Gillers
> United States Attorney's Office
> 219 S. Dearborn St.
> Chicago, IL 60604

by electronic service through the court's ECF filing system on this 18th day of June, 2008.

s/Timothy P. O'Connor